PER CURIAM: *
Steven Ray Jones, federal prisoner # 11732-035, appeals the district court’s *369 grant of his 18 U.S.C. § 8582(c)(2) motion to reduce his sentence based on the amendments to the crack cocaine Guideline. Jones contends that the district court abused its discretion by not granting a reduction to the low end of the recalculated guidelines range. He also contends that in light of § 3582(c)(2)’s requirement that district courts consider the factors set forth in 18 U.S.C. § 3558(a), the district court’s failure to give reasons for the sentence imposed constitutes a significant procedural error or, alternatively, an abuse of discretion.
We review a district court’s decision to reduce a sentence for an abuse of discretion and its interpretation of the Sentencing Guidelines de novo. United States v. Evans, 587 F.3d 667, 672 (5th Cir.2009), petition far cert. filed (Jan. 28, 2010) (No. 09-8939). In Evans, this court noted that because the district court was under no obligation to reduce the defendant’s sentence at all, it was under no obligation to reduce the sentence even further within the recalculated range. Id. at 673. Further, the district court was not required to give reasons for its granting the defendant’s § 3582(c)(2) motion but not selecting “a satisfactorily low enough sentence within the recalculated range.” Id. at 674. Accordingly, Jones’s contentions are foreclosed by Evans, and the district court did not abuse its discretion. See id. at 672-74.
AFFIRMED.

 Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.